IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK OVERALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-576-MEF |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is *pro se* Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 and Defendant's Response (Doc. 5). Regardless of the claims made within the Petition, Defendant asserts that this court lacks jurisdiction to consider these claims as Plaintiff does not meet the "in custody" requirement of § 2254(a). Def.'s Resp. (Doc. 5) at 2.

The Petition is centered on Plaintiff's contention that he was wrongly convicted and sentenced to serve twenty-four hours in the county jail for contempt of court on or about July 29, 2013. Plaintiff contends that the contempt proceedings violated his due process rights under the United States Constitution.

Based on these facts, the court was also concerned that Plaintiff did not meet the "in custody" requirement of § 2254. Accordingly, the undersigned ordered Plaintiff to show cause as to why this case should not be dismissed. To that end, Plaintiff filed a Response (Doc. 10) to the order to show cause, stating that he was under the impression that he could proceed under § 2254. Plaintiff is mistaken.

Only those unfortunate enough to be "*in custody* in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a) (emphasis added), may proceed under the "great writ."[1] This statutory language requires "that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). While "the 'in custody' language [does not require] that a prisoner be physically confined in order to challenge his sentence on *habeas corpus* . . . once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody.'" *Id*. at 491-92.

Here, Plaintiff's sentence fully expired on or around July 30, 2013 and this Petition was filed June 9, 2014. Thus, this Petition is improperly filed and is properly dismissed. *See id*. ("We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 14, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the

---

[1] "*Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95, 2 L. Ed. 554 (1807) (Marshall, C.J.) ("[W]hen we say *the writ of habeas corpus*, without addition, we most generally mean that great writ which is now applied for.").

District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE